UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (Dayton)

| | | |
|---|---|---|
| MELISSA RAFFERTY<br>3785 Crabill Road<br>Springfield, Ohio 45501<br><br>    Plaintiff,<br><br>v.<br><br>CONTINENTAL EXPRESS, INC.<br>10450 OH-47<br>Sidney, Ohio 45365<br><br>    Serve Also:<br>    CONTINENTAL EXPRESS, INC<br>    c/o Russell L. Gottemoeller (Stat. Agent)<br>    4480 State Route 705<br>    Ft. Loramie, Ohio 45845<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 3:21-cv-000188<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT**<br><br>**JURY DEMAND ENDROSED<br>HEREIN** |

Plaintiff, Melissa Rafferty, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

**PARTIES, JURISDICTION AND VENUE**

1. Rafferty is a resident of the city of Springfield, county of Clark, state of Ohio.

2. Continental Express, Inc. ("Continental") is a domestic corporation with its principal place of business located at 10450 OH-47, Sidney, Ohio 45365.

3. Continental is, and was at all times hereinafter mentioned, Rafferty's employer within the meaning of the Americans with Disability Act ("ADA") 42 U.S.C. § 12101 and R.C. § 4112 *et seq*.

4. At all times herein, Rafferty was acting in the course and scope of her employment.

5. Most of the material events alleged in this Complaint occurred in Shelby County.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 113 in that Rafferty is alleging federal law claims under the ADA.

7. This Court has supplemental jurisdiction over Rafferty's state law claims pursuant to 28 U.S.C. § 1367, as Rafferty's state law claims are so closely related to the federal law claims that they form party of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the adverse employment actions described herein, Rafferty filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2021-00022 ("EEOC Charge").

10. On May 10, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Rafferty regarding the EEOC Charge.

11. Rafferty received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1).

12. Rafferty has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Rafferty is a former employee of Continental.

14. At all times noted herein, Rafferty was fully qualified for, and could fully perform the essential job functions of, her position with Continental.

15. Rafferty was employed at Continental from mid-March 2019 until Continental terminated her employment on or about February 4, 2020.

16. In March 2019, Rafferty began working as a truck driver at Continental.

17. On or about June 28, 2019, Rafferty was injured in a work-related crash in her Continental truck in Louisville, KY.

18. Rafferty reported the crash to police and to Continental ("Motor Vehicle Crash").

19. Rafferty's left arm suffered severe nerve damage and detached tendons. This placed her in the protected class for disability.

20. Rafferty's report to Continental disclosed her injuries.

21. Alternatively, Continental then began to perceive Rafferty as disabled due to her Motor Vehicle Crash and resulting injuries, also placing her in the protected class for disability.

22. On or about July 1, 2019, Rafferty was evaluated at a hospital for a worker's compensation claim related to the Motor Vehicle Crash.

23. Because of disagreements regarding responsibility for Rafferty's claim between Ohio Bureau of Worker's Compensation and Kentucky State Worker's Compensation, Continental referred Rafferty to a doctor authorized by Ohio Department of Transportation to evaluate Rafferty's injuries.

24. Through the remainder of 2019, Rafferty had numerous medical appointments resulting from the injuries she sustained in the Motor Vehicle Crash.

25. On or about July 26, 2019, Rafferty's doctor restricted her to light duty.

26. Rafferty provided her doctor's light duty restrictions to Continental, which placed Rafferty at work in the guard shack.

27. Rafferty underwent two surgeries in 2019 for the injuries she sustained in the Motor Vehicle Crash.

28. Instead of releasing Rafferty in December 2019 as he planned, Rafferty's doctor pushed back her recovery timeline.

29. On February 4, 2020, Rafferty's doctor released Rafferty to full duty, contingent on Rafferty receiving an additional surgery in the future.

30. On February 5, 2020, Continental terminated Rafferty's employment.

31. Continental's reason for terminating Rafferty's employment was a pretext.

32. Continental terminated Rafferty based on her perceived disability.

33. After terminating Rafferty's employment, Continental placed a false and defamatory statement(s) on her Drive-a-Check ("DAC") report.

34. Rafferty was told by other potential employers that she was not hired because of the false and defamatory DAC report.

35. Rafferty has been unable to find a similarly situated replacement job because of the false and defamatory DAC report.

36. Continental's placement of the false and defamatory DAC report constitutes post-employment retaliation via false job reference.

37. As a result of the above, Rafferty has suffered damages.

**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. 4112. *et seq.***

38. Rafferty restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

39. During her employment Rafferty suffered from an arm injury.

40. Rafferty is disabled.

41. In the alternative, Defendant perceived Rafferty as being disabled.

42. Rafferty's condition constituted a physical impairment.

43. Rafferty's condition substantially limited one or more of her major life activities including working.

44. Defendant treated Rafferty differently than other similarly situated employees based on her disabling condition.

45. Defendant treated Rafferty differently than other similarly situated employees based on her perceived disabling condition.

46. Throughout her employment, Rafferty was fully competent to perform her essential job duties.

47. Defendant terminated Rafferty without just cause.

48. Defendant terminated Rafferty's employment based on her disability.

49. Defendant terminated Rafferty's employment based on her perceived disability.

50. Defendant violated R.C. §4112.02 when it discharged Rafferty based on her disability.

51. Defendant violated R.C. §4112.02 when it discharged Rafferty based on her perceived disability.

52. Defendant violated R.C. §4112.02 by discriminating against Rafferty based on her disabling condition.

53. Defendant violated R.C. §4112.02 by discriminating against Rafferty based on her perceived disabling condition.

54. Rafferty suffered emotional distress as a result of Defendant's conduct, and is entitled to emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

55. As a direct and proximate result of Defendant's conduct, Rafferty suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

56. Rafferty restates each and every prior paragraph of this complaint, as if it were fully restated herein.

57. Because of the injuries that Rafferty sustained form the motor vehicle crash, she is in a protected class for her disabilities.

58. Defendant had notice of Rafferty's disabilities. Alternatively, Defendant perceived Rafferty as disabled.

59. The ADA provides that it is unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disability.

60. Rafferty's employment termination was based solely on her disability preventing her from returning to work.

61. Defendant violated the ADA by terminating Rafferty's employment because of her disabilities.

62. Defendant violated the ADA by treating Rafferty differently from other similarly situated employees outside her protected class.

63. Defendant violated the ADA by applying it disciplinary policies in a disparate manner based on Rafferty's disabilities.

64. As a direct and proximate result of Defendant's failure to accommodate Rafferty's disabilities, Rafferty has suffered and will continue to suffer damages.

## COUNT III: RETALIATION

65. Rafferty restates each and every prior paragraph of this complaint, as if it were fully restated herein.

66. Pursuant to R.C. § 4112 and the ADA, it is an unlawful discriminatory practice to discriminate in ay manner against any other person because that person has opposed any unlawful discriminatory practice.

67. R.C. § 4113.71 states in part an employer will be liable for giving a negative reference to another employer if either: (1) the employer knows the information contained in the reference is false, or makes the disclosure with the intent to mislead, in bad faith, or with a malicious purpose; or (2) the information is provided in violation of Ohio's anti-discrimination laws.

68. Defendant's actions of reporting false, defamatory, and misleading information on Rafferty to her DAC report were retaliatory in nature based on Rafferty's opposition to the unlawful discriminatory conduct.

69. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Rafferty she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Rafferty demands from Defendant the following:

(a) Issue an order requiring Defendant to retroactively restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

 /s/ Evan McFarland
Evan R. McFarland (0096953)
Matthew Bruce (0083769)
Trial Attorney
**THE SPITZ LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Phone: (216) 291-0244
Fax: (216) 291-5744
Email:  evan.mcfarland@spitzlawfirm.com
Email: matthew.bruce@spitzlawfirm.com

*Attorneys For Plaintiff Melissa Rafferty*

## JURY DEMAND

Plaintiff Melissa Rafferty demands a trial by jury by the maximum number of jurors permitted.

_____
Evan R. McFarland (0096953)
Matthew Bruce (0083769)
**THE SPITZ LAW FIRM, LLC**